IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
PECOS DIVISION

| | |
|---|---|
| DANNY HERMAN TRUCKING, INC., § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § Cause No. 4:21-CV-43 <br> § <br> LILIANA MIRANDA a/k/a LILI § <br> MIRANDA and CATALINA VILLEGAS § <br> DE CARRILLO, § <br> § <br> Defendants. § <br> § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Comes Now, Danny Herman Trucking, Inc. ("Danny Herman Trucking") and files this Original Complaint respectfully showing the following:

**I.     Summary of Facts**

1.     This lawsuit arises from an early morning motor vehicle accident occurring on May 30, 2021, in Plateau, Culberson County, Texas. Immediately before the subject accident, San Antonio resident Liliana Miranda a/k/a Lili Miranda ("Ms. Miranda") was driving a Honda CR-V owned by Catalina Villegas de Ms. Villegas ("Ms. Villegas"). The tires on the vehicle driven by Ms. Miranda and owned by Ms. Villegas were in an appreciable worn condition with no tread to provide traction. The tires on the Honda CR-V were "bald" and a very basic visual inspection of the said tires would have led any reasonable and prudent person to realize the subject vehicle was unsafe to drive on a public roadway, particularly a busy U.S. Interstate over a several hundred-mile road trip.

2.     Despite the Honda CR-V having the open and obvious deficiencies with its tires, Ms. Miranda set out for a road trip back to the Austin–San Antonio area from Sedona, Arizona. At

1

appropriate speed limits and driving straight through, this road trip would take the average motorist almost a combined twenty-four hours (24 hours) to complete. Despite the duration and length of this road trip, it appears Ms. Miranda did not stop at a hotel or motel to rest on their journey.

3.      Ms. Miranda, as a driver, choosing to drive a vehicle known to possess critical safety deficiencies, and Ms. Villegas, entrusted her vehicle to Ms. Miranda and allowed her vehicle to be driven with tires in as bad of condition as these tires were, exercised poor judgment and failed to act in a manner consistent with how a reasonable and prudent person in the same or similar circumstances would have acted. This failure to exercise reasonable care relative to the unsafe condition of the subject tires ultimately led to the Honda CR-V losing control and coming to a stop in a precarious position. Specifically, in its stopped position immediately before impact, the headlights of the Honda CR-V were facing south and could not have been seen by Danny Herman Trucking employee Bradley Johnson, who was operating the tractor-trailer owned by Danny Herman Trucking.



*Figure 1: Dashcam footage depicting Defendant Miranda's position on the roadway.*

4. At some point after the CR-V came to a stop, the commercial tractor and trailer combination owned by Danny Herman Trucking and operated by Mr. Johnson came upon the stopped CR-V and impacted the CR-V resulting in a very serious and tragic collision.

5. As a result of the collision between Mr. Johnson and the Honda CR-V, the units operated by Mr. Johnson moved off the roadway coming to rest in the right shoulder Interstate 10. At some point, a commercial tractor-trailer also traveling east and operated by Rigoberto L. Villalobos ("Mr. Villalobos") ultimately collided with the Danny Herman Trucking tractor-trailer. This impact led to an explosion and fire which engulfed the Danny Herman Trucking tractor-trailer in flames. Ultimately, Danny Herman Trucking driver Mr. Johnson was killed.

6. The equipment of Danny Herman Trucking, including the tractor-trailer being operated by Mr. Johnson at the time of this occurrence were, as noted, damaged and consumed in fire resulting in a total destruction of those units and the cargo being carried in the trailer. The ensuing property damage to the Danny Herman Trucking tractor and trailer and carried cargo exceeds $75,000 (seventy-five thousand dollars) for which Danny Herman Trucking now brings suit. Specifically, suit is brought against Ms. Miranda and Ms. Villegas for their negligence in proximately causing the property damage, loss of the use of this tractor and trailer equipment. Additionally, damage to the freight and related business interruption and delay damages to Danny Herman Trucking's business were also incurred.

7. By reason of the combined failure to exercise reasonable care and negligence of the identified defendants, Danny Herman Trucking sustained property damage, delays, cargo damage, and business interruption caused by the necessity to contend with this loss. The amount of Danny Herman Trucking's loss is well in excess of the $75,000. Danny Herman Trucking now proceeds with the filing of this suit to recover for its damages sustained in this accident.

## II.   Parties

8. Plaintiff Danny Herman Trucking, Inc. is an authorized U.S. Department of Transportation motor carrier, incorporated in California with its principal place of business in Mountain City, Tennessee, authorized and entitled to operate on public highways in the State of Texas.

9. Defendant Liliana Miranda a/k/a Lili Miranda is a resident of Texas and may be served with process at 5610 Needville, San Antonio, Texas 78233 or wherever she may be found.

10. Defendant Catalina Villegas de Carrillo is a resident of Texas and may be served with process at 812 N. Woodland St, Amarillo, Texas 78107 or wherever she may be found.

## III.   Jurisdiction and Venue

11. Pursuant to 28 U.S.C. § 1332, this United States District Court has jurisdiction of this action since it is between citizens and corporations of different States and the matter in controversy exceeds the sum or value of $75,000.

12. Venue is proper in this district and division pursuant to 28 U.S.C. § 1391(a)(2) as the district and division in which a substantial part of the events or omissions occurred.

## IV.   Causes of Action

**Negligence of Defendants Liliana Miranda a/k/a Lili Miranda and Catalina Villegas de Carrillo**

13. For the reasons that Ms. Miranda chose to operate the subject Honda CR-V with tires that were in such unsafe condition, and Ms. Villegas allowing the subject Honda CR-V to be driven in such unsafe condition, it was foreseeable that Ms. Miranda could have a traction issue particularly if the weather turned bad as it did in this instance. Tragically, after losing traction and hydroplaning as a result of these bald tires on the Honda CR-V, an emergency condition was negligently created by Ms. Miranda on the travel lanes of Interstate 10 leading to this crash. It was foreseeable that a

4

loss of control would occur given the condition of the tires. It was also foreseeable that upon losing control, there is no means to determine how the loss of control would occur. Consequently, it was foreseeable that this Honda CR-V would end up stopped on travel lanes facing north with its headlights beyond the line of sight of oncoming traffic, including Mr. Johnson.



*Figures 2 & 3: Photographs of Defendant Ms. Villegas's tires*

14. Because of the manner in which the Honda CR-V was stopped and oriented immediately before the impact, there would have been no reasonable manner in which Johnson could have avoided an impact with the Honda CR-V.

15. A reasonable and prudent person in Ms. Miranda's position would have known operating a vehicle with such poor tires, as seen in Figures 2 and 3, would have led to a serious accident. Ms. Miranda's decision to operate the Honda CR-V in this condition proximately caused the accident and damages to Danny Herman Trucking.

16. A reasonable and prudent vehicle owner in Ms. Villegas's position would have known her CR-V was not in a condition to be driven, let alone driven for a long road trip. Ms. Villegas's unsafe and imprudent decision to allow Ms. Miranda to operate her vehicle proximately caused the accident and damages to Danny Herman Trucking.

## VI. **Damages**

17. As a direct and proximate result of the sued-on occurrence, Danny Herman Trucking incurred property damage to its tractor and freight, business disruption damages, loss of use damages, and other damages and expenses for which it seeks recovery against Defendants. The damages incurred by Danny Herman Trucking exceed the minimum jurisdictional limits of the Court and for which this lawsuit is brought.

## V. **Jury Demand**

18. Danny Herman Trucking seeks a trial by jury of all issues of fact raised in this litigation.

## VIII. **Prayer**

Plaintiff Danny Herman Trucking, Inc. prays Defendants Liliana Miranda a/k/a Lili Miranda and Catalina Villegas de Carrillo be cited to appear and answer, and that the Court enter judgment in favor of Plaintiff Danny Herman Trucking, Inc. for:

a) Actual damages proximately caused in this occurrence;

b) Pre-judgment and post-judgment interest as allowed by law;

c) Taxable court costs; and,

d) All other relief, in law or in equity, to which Plaintiff Danny Herman Trucking, Inc. may be justly entitled.

*<Signature Page Follows>*

                Respectfully submitted,

                RINCON LAW GROUP, P.C.
                1014 N. Mesa, Suite 200
                El Paso, Texas 79902
                (915) 532-6800 (Telephone)
                (915) 532-6808 (Facsimile)

By:    */s/ Oscar A. Lara*
                CARLOS RINCON
                Texas State Bar No. 16932700
                CRincon@rinconlawgroup.com
                OSCAR A. LARA
                Texas State Bar No. 24078827
                OLara@rinconlawgroup.com

                Attorneys for Plaintiff Danny Herman Trucking, Inc.